UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-20424-CIV-MARTINEZ/GOODMAN

ADRIENNE BOWMAN,

    Plaintiff,

v.

LE MANS ENTERPRISES, INC.,

    Defendant.

_____/

**ORDER ON DEFENDANT'S MOTION TO COMPEL**

**ANSWERS TO DEPOSITION QUESTIONS**

This Cause is before the Undersigned on the Defendant Le Mans Enterprises, Inc.'s ("Le Mans") motion to compel plaintiff Adrienne Bowman ("Bowman") to answer questions at her deposition. [ECF No. 17].[1] In short, Bowman's counsel instructed her to not answer certain questions at her deposition because he deemed them irrelevant. The Undersigned has reviewed the pertinent portions of the record and held a hearing on June 13, 2014.

Bowman's counsel's instructions to not answer were based solely on relevancy grounds and were therefore improper.[2] Accordingly, Le Mans' motion is **granted.** Le

---

[1] Le Mans did not actually file a motion to compel, as the discovery procedures order prohibits written discovery motions. [ECF No. 15]. Rather, the parties are directed to place the discovery dispute on the Undersigned's discovery calendar if they are unable to resolve the discovery dispute after conferring.

[2] *Quantachrome Corp. v. Micromeritics Instrument Corp.*, 189 F.R.D. 697, 700 (S.D. Fla. 1999) ("it is improper to instruct a witness not to answer a question based on form and relevancy objections"); *see also Summit Towers Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No.

Mans may retake the deposition of Bowman within 30 days of this Order and Bowman shall make herself available. The reconvened deposition, however, will be limited to the questions Bowman was instructed not to answer and the logical and reasonable questions flowing from her answers.

A. **Attorney's Fees**

"The great operative principle of Rule 37(a)(5) is that the loser pays." 8B Charles Alan Wright, Arthur Miller & Richard Marcus, Federal Practice and Procedure § 2288 (3d ed. 2010). Consequently, Bowman and/or her counsel must pay Le Mans reasonable expenses (including attorney's fees), unless her position was substantially justified, or there are other circumstances that make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).

The Undersigned finds that Bowman's counsel's instructions to not answer based on relevancy grounds were not substantially justified and there are no other

---

11-60601-CIV, 2012 WL 1440894, at *3 (S.D. Fla. Apr. 4, 2012) ("instructions to the deponent not to answer based on relevancy and objections to form did not comply with the Federal Rules of Civil Procedure or the applicable authorities"); *Oy v. Mosley*, No. 09-21597-CIV, 2010 WL 2164329, at *2 (S.D. Fla. May 28, 2010) (counsel "may instruct a deponent not to answer **only** when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion") (emphasis added); *Provide Commerce, Inc. v. Preferred Commerce, Inc.*, No. 07-80185-CIV, 2008 WL 360591, at *1 (S.D. Fla. Feb. 8, 2008) ("[i]t is improper to instruct a witness not to answer based on relevance").

If Bowman's counsel believed a line of questioning was not relevant, then one permissible course of action is to make a relevancy objection but to allow Bowman to answer. *Quantachrome Corp.*, 189 F.R.D. at 700; *Townhouses of Highland Beach Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 06-81132-CIV, 2008 WL 7513877, at *1 (S.D. Fla. Jan. 11, 2008).

circumstances which make an award unjust. As a result, Bowman's counsel shall pay Le Mans $750 in expenses for bringing the motion and the court reporter attendance fee for the reconvened deposition.[3] Bowman's counsel shall make his payment within **10 days** of this Order and shall submit an affidavit or declaration to the Undersigned's e-file inbox (goodman@flsd.uscourts.gov), **not CM/ECF**, confirming the payments, within **three days** of making the payment.

**DONE AND ORDERED** in Chambers, Miami, Florida, June 16, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
The Honorable Jose E. Martinez
All counsel of record

---

[3] The Undersigned does not consider a Rule 37(a)(5)(A) expense-shifting award to be a sanction or the imposition of discipline or an indication that anyone acted in bad faith. Rather, it is merely a **consequence** of taking certain unsuccessful discovery positions. Thus, this Order would not require Bowman's counsel to answer "yes" if ever asked (e.g., by a prospective employer, by an insurance carrier, by a judicial nominating commission, by a client, or by a prospective client) if counsel had ever been sanctioned or disciplined.